IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALLIED TRUST INSURANCE COMPANY | * * * | CIVIL ACTION NO. |
| VERSUS | * * | JUDGE |
| TODD SOIGNET AND CAROLYN SOIGNET | * * * | MAGISTRATE JUDGE |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### COMPLAINT FOR DECLARATORY JUDGMENT TO COMPEL APPRAISAL AS TO ALL COVERAGES AND APPOINT AN UMPIRE

**NOW INTO COURT**, through undersigned counsel, comes Allied Trust Insurance Company ("Allied Trust"), who respectfully represents as follows:

1.

Allied Trust is an insurer domiciled in Texas with its principal place of business in Tampa, Florida and is doing business in the State of Louisiana within the jurisdiction of this Honorable Court.

2.

Named as Defendants herein are Todd Soignet and Carolyn Soignet, who, on information and belief, are persons of the full age of majority and domiciled in the city of Thibodaux, Lafourche Parish, Louisiana.

3.

Allied Trust issued a policy of insurance bearing No. 742220 issued to Defendants, Todd Soignet and Carolyn Soignet, effective from May 3, 2021, through May 3, 2022 (the "Policy"). The Policy provides Defendant with coverage against certain risks relating to a property located at 423 Cedar Tree Drive, Thibodaux, Louisiana 70301 (the "Property").

4.

Allied Trust is a citizen of a foreign state, Texas. On information and belief, Defendant is a citizen of the State of Louisiana. The amount in controversy exceeds $75,000.00, exclusive of interests and costs, as further shown below. This Court is therefore vested with subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332.

5.

The Policy was delivered, and the Property is located, within the jurisdiction of the Eastern District of Louisiana. Defendant resides within and has contacts sufficient to subject them to personal jurisdiction for the Eastern District of Louisiana. Thus, venue for this Complaint is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. §1391.

6.

Allied Trust brings this Complaint for Declaratory Judgment against Defendant pursuant to 28 U.S.C. §§2201-2202 and Federal Rule of Civil Procedure 57.

7.

On or about September 2, 2021, Defendant reported to Allied Trust that the Property had sustained damages as a result of Hurricane Ida on August 29, 2021.

8.

Allied Trust's investigation found damages to the residence which were estimated to cost $43,864.65 to repair.

9.

On March 31, 2022, counsel purporting to represent Defendant submitted to Allied Trust an estimate by Exact Building Consultants, L.L.C. in which the cost of repairs for damages to the residence are alleged to be $352,431.62. The difference between this estimate and Allied Trust's evaluation on which its undisputed payments were based is $314,501.50, which exceeds $75,000.00 minimum required to invoke diversity jurisdiction.

10.

Allied Trust disagreed with the scope and pricing of the Exact Building Consultants, L.L.C. estimate. On April 29, 2022, Allied Trust forwarded correspondence to Defendant's counsel indicating that a disagreement existed and invoking Appraisal to resolve that dispute. This correspondence identified Mark F. Harter as the Appraiser designated by Allied Trust and advised that Defendant was required by the Policy to designate her Appraiser within twenty (20) days.

11.

On May 19, June 1, and June 20, 2022, Allied Trust forwarded correspondence to Defendant's counsel again requesting the Defendant's Appraiser designation and for cooperation in the Appraisal process.

12.

As of the date of this Complaint, Defendant has failed to designate a registered, competent, impartial, and disinterested appraiser or otherwise cooperate with the Appraisal process.

13.

The Policy imposes affirmative duties upon Defendant that require cooperation with the Appraisal process in the event of a disagreement on the amount of the loss. The Policy states, in pertinent part, as follows:

**SECTION 1 – CONDITIONS**

\* \* \*

> **E.   Appraisal.**
> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. Any outcome of the appraisal will not be binding on either party.
>
> Each party will:
> 1.   Pay its own appraiser; and
> 2.   Bear the other expenses of the appraisal and umpire equally.

ALLIED HO3 SP LA 19.09 (page 7 of 14)

14.

Further, La. R.S. §22:1311(F)(2) contains the Standard Fire Policy, the provisions of which reflect the public policy of the State of Louisiana regarding the contents of policies of fire insurance and which are attached to every such insurance policy as a matter of law, including the subject Policy. The Standard Fire Policy provides as follows regarding Appraisal:

> **Appraisal** - In case the insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then on request of the insured or this Company such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item, and failing to agree, shall

submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally.

La. R.S. § 22:1311(F)(2)

15.

Further, Act No. 345 of the 2021 Louisiana State Legislative Session amended La. R.S. 22:1892 to require that all homeowner's policies contain the following Appraisal language:

Appraisal. If you and this Company fail to agree as to the amount of loss, either party may demand that the amount of the loss be set by appraisal. If either party makes a written demand for appraisal, each party shall select a competent appraiser and notify the other party of their appraiser's identity within twenty days of receipt of the written demand for appraisal. The appraisers shall select a competent and impartial umpire; but, if after fifteen days the appraisers have not agreed upon who will serve as umpire, the umpire shall be appointed by a judge of the court of record in which the property is located. The appraisers shall then appraise the loss. If the appraisers submit written notice of an agreement as to the amount of the loss to this Company, the amount agreed upon shall set the amount of the loss. If the appraisers fail to agree within thirty days, the appraisers shall submit their differences along with any supporting documentation to the umpire, who shall appraise the loss. The appraisers may extend the time to sixty days for which they must agree upon the amount of loss or submit their differences and supporting documents to the umpire, if the extension is agreed to by the appraisers from both parties. A written agreement signed by the umpire and either party's appraiser shall set the amount of the loss, pursuant to the appraisal process, but shall not preclude either party from exercising its rights under the policy or the law. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the expenses of the umpire shall be divided and paid in equal shares by you and this Company. If there is an appraisal award, all applicable policy terms, limits, deductibles, and conditions will still apply. If you file a lawsuit relative to this policy against this Company prior to a demand for appraisal, the lawsuit will be held in abatement until the execution of an appraisal award.

16.

La. R.S. 22:1807.1 provides that no person may act as an Appraiser unless they have registered with the Louisiana commissioner of insurance.

17.

Pursuant to the above Policy provisions and Louisiana law, Allied Trust seeks and is entitled to a declaratory judgment and order recognizing its right to invoke Appraisal and Defendant's obligation to fully cooperate with same.

18.

Pursuant to the above Policy provisions and Louisiana law, Allied Trust seeks and is entitled to a declaratory judgment and order requiring Defendant to designate a competent, impartial, and disinterested Appraiser who is registered with the Louisiana Department of Insurance pursuant to La. R.S. §22:1807.1.

19.

Pursuant to the above Policy provisions and Louisiana law, Allied Trust seeks and is entitled to a declaratory judgment and order for the selection of an Appraisal Umpire.

21.

Allied Trust further pleads all terms, conditions, provisions, and limitations contained in the Policy as if copied herein *in extenso*.

**WHEREFORE,** Allied Trust Insurance Company prays that Defendants, Todd Soignet and Carolyn Soignet, be cited to appear and answer the Complaint herein within the delays fixed by law and that after due proceedings are had, that there be judgment herein in favor of Allied Trust Insurance Company declaring that:

(1) The Appraisal provisions in the Allied Trust Insurance Company Policy No. 742220 are clear, unambiguous, and valid;

(2) Defendants are required to fully and completely participate in the Appraisal process;

(3) Defendants are required to name a competent, impartial, and disinterested appraiser who is registered with the Louisiana Department of Insurance;

(4) An Appraisal Umpire must be selected, and that Umpire will be named by the Court;

(5) Appraisal must be completed as to all coverages; and

(6) For all other general and equitable relief as is reasonable in the premises.

Respectfully submitted,

*(s) Kyle C. Matthias*
**MATTHEW D. MONSON (25186)**
**JOHN C. HENRY (18948)**
**KEVIN P. RICHE (31939)**
**RACHEL L. FLARITY (33131)**
**JOHN D. MINEO, IV (36587)**
**LAUREN A. LAM (37758)**
**NATHAN R. HAND (38011)**
**KYLE C. MATTHIAS (38338)**
**PEYTON L. STEIN (39400)**
**THE MONSON LAW FIRM, LLC**
900 W. Causeway Approach, Suite A
Mandeville, Louisiana 70471
Telephone: (985) 778-0678
Facsimile: (985) 778-0682
Email: *Matthew@MonsonFirm.com*
Email: *Kyle@MonsonFirm.com*
***Counsel for Allied Trust Insurance Company***